May it please the court, Jeffrey Connor on behalf of the appellants, I'm going to try to reserve about two to three minutes for rebuttal, but I'll keep my eye on the clock, your honor. I think there's a couple of things that the court may be interested in today, but I'm not quite sure, but I think I'll start with the mootness question and go from there because I think that's the easiest place to start. I think the mootness question in this case is answered by this court's decision in Garting v. Montana Department of Corrections in the U.S. Well, this isn't Garting. This is slightly different. I mean, I read Garting and I tried to say, but in Garting, there were still more things to do. Certainly, your honor. At a minimum, a decision in the state's favor, release it from the burden of a new trial in Garting. That's at least some relief was available. Correct, your honor. But there is none here. I disagree with that respectfully, your honor. Well, what is there? We already have an agreement. We already have the state agreeing to the agreement. We already have the defendants even doing the sentence. So agreed, your honor, but just as this- I mean, it just so happens that they had enough time and he didn't have to do more sentence, but he did everything. They imposed the sentence. Just as this court said in Garting, if the state acts under compulsion of compliance with the district court's writ, that's enough. Like reinstatement of the original judgment here is enough. But just a minute, in white, it says section 2254 grants jurisdiction for habeas as long as the person in custody is there pursuant to that state court judgment. This person isn't in custody pursuant to the state court judgment. Again, your honor- So that person isn't there at all. Garting answers that question and recognizes that the custody determination under the statute is made at the time of filing of the instant petition, which was filed. He submitted it for filing on February 7th, 2022, when he was still in custody under the 2016 judgment of conviction. I'm sorry that I interrupted you. No, not at all. I was going to explore the same area because I'm not sure I quite fully understand the state's argument on what relief the panel can provide you that's effective. I take it from your briefing that you're suggesting that we can unwind everything or the state can unwind everything. To me, that seems very theoretical. Does the state really intend on unwinding the whole plea agreement, given that there are due process rights to enforce that agreement, right? The government voluntarily gave him a misdemeanor plea deal. I've had discussions with the district attorney's office on this, and they did assure me that if we were to obtain a reversal in this case, that they would pursue reinstatement of the original judgment of conviction. So if the courts- Can the state do that without trampling on the defendant's due process rights to enforce the plea agreement that the state voluntarily offered to him? I have not seen a case yet where what led to the new plea agreement and the new judgment was a misrepresentation to the state court, that it had to abide by the terms of an effectively stayed conditional writ. Now, I understand what you're- You haven't seen a case that went the opposite either, because I tried to find one. Understood, Your Honor, but it's Mr. Brown's burden to prove that there's no effective relief available. It's not my obligation to prove that there is. But what about Santabello and other cases in our circuit that talk about the due process right to receive the bargain that one gets from a plea agreement? Understood, Your Honor. And so I think the circumstances we have presented here, and I've not seen a case like this, where there was a misrepresentation to the state court that resulted in vacating of otherwise valid state judgment of conviction based upon the federal district court's conditional writ. But the local prosecutor could have clarified whatever. You're calling it a misrepresentation. I don't know. You know, there were, it seems, multiple opportunities to inform the trial court of the nature of an appeal being pending, but no one did. Understood. What happened with that? I mean, why did the attorney general's office not speak with the local prosecutor? I will. You know, I can't speak to that, Your Honor, and take full responsibility for that. We did have an initial discussion with the district attorney's office that we were making a decision about whether we were going to appeal or not. And then once we decided to file the notice of appeal, I neglected to inform the district attorney's office that we did, in fact, file a notice of appeal. So that's what happened there. But I think given the language of... Well, they could have reached out to ask you, right? They could have searched the docket or reached out to ask you. They could have, but I think... Or they could have told the court, you know, I've been in conversations with the attorney general's office. They were considering whether to file a notice of... I mean, none of this came to light in the transcript. So I'm not sure how much you can bank on the notion of a misrepresentation to undo what are firmly established due process rights. And that's where I think this gets tricky, Your Honor, because Santabella, in some sense, in those cases, recognized that typically guilty pleas are considered contracts and treated under contract law, but there's a slight difference there on the due process side of things. And just like a mistake of fact on the state's part usually is not going to be enough to set aside the plea agreement. But I think this is a different circumstance where there was a false representation to the state court that led to vacating the judgment of conviction. And I think that's the problem here. And I've not yet seen a case, whether under Santabella and due process principles... But even if you were at the point of just vacating the judgment of conviction, you still didn't get to the point of the plea agreement and a new conviction. And so even if there had been a misrepresentation made at a certain hearing, there was a subsequent opportunity to undo that. You might have been at a guarding position, but you stopped being in that once the plea agreement was entered and conviction and sentence. I disagree, Your Honor, because guarding talks about this. What happened in guarding was the state had moved for a new trial, not that the state court had sui sponte, vacated the judgment based upon the federal court order. The state had moved for a new trial, and this court said that that didn't matter. What the state's actions were what precipitated the change in circumstances in state court and led to the new situation. Well, that was all because it was still in the process. If it hadn't have been in the process, and if guarding hadn't have followed the Supreme Court and more, if everything had been done, I'm not sure guarding would have come out the same way. And I'm trying to figure out where in this record do I find that Nevada would want the original judgment reinstated? This record. I think in this record you can look at. There is absolutely no proof that Nevada would want that original judgment reinstated. I disagree, Your Honor, and what I would point the court to is that the prosecutor's statements in the original hearing when he asked for a stay from the district court, when the district court decided to impose the writ and vacated the judgment of conviction and remanded to the justice court. Well, that's your best argument? That's the best I've got to say that at that point, the state. Because otherwise you just said you talked to them and they said they would do this, they would do that. But that's not in the record. You're correct, Your Honor. So if I could reserve the rest of my time for rebuttal. Thank you. All right. Thank you. Good morning, Your Honors. May it please the court, Kimberly Sandberg on behalf of Lamar Brown. Your Honors, Mr. Brown's case ended when he was convicted pursuant to a plea offer on October 24, 2024. He's not challenging that judgment of conviction, and there is no way for the state to undo that conviction, even if it wanted to. Because Mr. Brown is not challenging that conviction, this court does not have jurisdiction over this appeal because the new judgment has essentially replaced the old judgment and there is no relief to offer respondents. Well, so I think you're opposing counsel's argument is based on the ability to sort of unwind everything and put him back in the original position. And the linchpin of that argument, as I understand it, is this misrepresentation, purported misrepresentation to the court. Can you address that? Your Honor, there is no statute or case law suggesting that Mr. Brown's conviction can be unwound. The only way that could happen is if he, as a petitioner, were challenging that judgment of conviction, which he is not. And I would like to point out to the court that it's approximately a year and four months since Mr. Brown's misdemeanor conviction. The state, for this entire time, either through the Attorney General's office or the District Attorney's office, could have been working to unwind this conviction. And so it begs the question, why have they not done that? There's no decision from this court that stops them from already trying to unwind that conviction. And if they could have done that, they would have done that. And then this court would have jurisdiction under Part A of the law. The District Court's habeas order doesn't stop them from trying to unwind the conviction? No, it does not. Why, why? Well, the District Court's habeas order does not require, all it did was require the State District Court to have a status conference 30 days after the appeal was over or the stay of the case was lifted. But the Federal District Court's order never ordered the District Attorney's office to offer a misdemeanor. It never ordered the state courts to resolve this case. That was completely done on the District Attorney's own accord. You know, when the case was remanded to Justice Court, the State District Court very explicitly said to the District Attorney, who was arguing against the remand, she said, you can go and pursue any charges you want. And the charges they decided to pursue was a misdemeanor conviction. And how do you respond to your friend on the other side's argument that there was a misrepresentation made in that in that hearing? The State Public Defender definitely did mistakenly say that no appeal had been filed. But that was not the basis of the remand to Justice Court. In other words, looking at the transcript, the State Public Defender doesn't say, wait a second, Your Honor, there was no appeal filed. And then the judge says, oh, OK, in that case, we'll remand to Justice Court. That's not what happened. She mistakenly said, well, they could have filed an appeal. They didn't file an appeal. And then there was a long argument between the DA and the State Public Defender and the court about if the trial counsel was found ineffective, should this case start from the beginning, since part of that ineffectiveness was telling Mr. Brown to waive his preliminary hearing. I would also point out that at any point, the District Attorney could have looked on PACER and saw what happened. This wasn't a secret. This was all public knowledge. In fact, on August 1st, the Public Defender asked the court, the State District Court, to put the case off for two weeks so that she could call the District Attorney, figure out what was going on, and talk to him or her about it. At any point in that, the District Attorney could have looked on PACER, reached out to the Attorney General. And from this record, we don't know that they did it. We don't know if there were conversations. We don't know if the District Attorney just said, you know, whatever you want to do with this case. What we want to do is a misdemeanor because this is a case where the defendant failed to register a change of address. We think the just thing is a misdemeanor. We don't know on this record what went on behind closed doors. What we do know is that there is no relief to offer respondents. There is no mechanism to undo this guilty plea, this conviction, jeopardy attached, when he pled guilty and the court accepted his conviction and sentenced him. And there just simply is no relief to offer respondents. And that's why this court doesn't have jurisdiction and this appeal should be dismissed as moved. One last question. Do you know how much time elapsed between that initial court hearing where the conviction was vacated and then the subsequent one where there was a new conviction entered under the plea agreement? It was on August 15, 2024, that the case was remanded to Justice Court and the guilty plea on the misdemeanor was October 24, 2024, so approximately two months. So I guess my problem with the argument is even if there had been a misrepresentation made that led to the conviction being vacated, there was an opportunity to undo that if that really were the case before a new plea agreement and conviction was entered. And no one ever took steps to do that and say, oh, wait a minute, there's an appeal pending. We shouldn't do this. Yes, Your Honor. There were two months between the remand and the guilty plea. No one from either side took steps to say, wait a second, maybe this case should be stayed. There's an appeal pending. The only steps that were taken was the DA's office offered a misdemeanor conviction. And that was duly entered in conviction and sentenced, and that's that. Correct. There's a new judgment of conviction. Yes. I have about four minutes left, but if there are no other questions, I will. Okay. Thank you so much. Thank you, Counselor. Thank you, Your Honor. So the one thing that I would really point to in looking at the district court's order here in dealing with this plea deal is that the district court had actually, the federal ex post facto clause has sentenced him to a felony. And so the state, I don't think really was like able to charge him with whatever he wanted on the failure to register charge. The U.S. district court had said, you have to treat this as a misdemeanor under the ex post facto clause. And so I do think this is like guarding where the state was acting under the compulsion of the U.S. district court's order analyzing the ex post facto issue. And I do think there's effective relief available here in reinstatement of the felony conviction. It's, you know, undisputed that if a habeas petitioner files their... And under what statute would they reinstate? Under what statute, Your Honor? Yes. I don't know... Nevada statute. What Nevada case? What Nevada something did my law clerks and I miss in trying to figure out how you would get that done? I can't point you to anything specific, Your Honor, but I think that based upon the circumstances where there was a misrepresentation to the state court that precipitated all of this, that occurrence and the failure to have corrected that misstatement under the rules of candor to the tribunal... A misrepresentation about whether an appeal was filed when one can go look to see whether the appeal was filed? Well, I think that... They're entitled to rely on counsel's representations. If they say no appeal was filed and they fail to correct that, counsel had an obligation under the rules of professional conduct to correct that misstatement. So Judge Sanchez's questions are directly on point here, that under the rules of, you know, professional conduct, they had an obligation to correct that. I see that I'm out of time, so, you know, I'll submit and ask that this court reverse. Thank you, counsel. Thank you both for your arguments this morning. The matter is submitted and we'll issue our decision in due course.
judges: SMITH, NGUYEN, SANCHEZ